IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| CHARLOTTE R. THOMPSON, M.D. and SCOTT W. THOMPSON, M.D., | ) Civil Action No. 3:04-219-CMC-BM ) |
| Plaintiffs, | ) OPINION AND ORDER ) ON MOTION FOR ) SUMMARY JUDGMENT |
| THE UNIVERSITY OF SOUTH CAROLINA; and RICHARD M. DAVIS, M.D., individually and in his official capacity, | ) ) ) |
| Defendants. | ) ) |

This matter is before the court for review of the Report and Recommendation ("Report")

entered on July 5, 2006.  For the reasons set forth below, the Report is adopted in part.  Defendants'

motion for summary judgment is granted as to the contract based claims asserted against Defendant

Davis.  The remaining claims shall proceed to trial.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with this court.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is

made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).  The court

reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection,

a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is

no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## FACTS

This court adopts the statement of facts as set forth in the Report.

## REPORT AND RECOMMENDATION

As summarized in the Report, Plaintiffs initially asserted ten causes of action but subsequently stipulated to dismissal of three of those claims and did not oppose the motion for summary judgment as to a fourth claim. The remaining six claims are as follows: (1) retaliation and constructive discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* (second cause of action – against Defendant USC only); (2) violation of the South Carolina Payment of Wages Act (fourth cause of action – against Defendant USC and Richard Davis in his individual capacity); (3) breach of contract (fifth cause of action – against  Defendant USC and Davis in his individual capacity); (4) breach of contract accompanied by a fraudulent act (sixth cause of action – against Defendant Davis only); (5) defamation (ninth cause of action – against Defendant Davis only); and (6) loss of consortium (tenth cause of action – against Defendant Davis only).

Defendants sought summary judgment as to all but the Title VII retaliation claim. The Magistrate Judge recommended that the motion be granted except as to the claims for defamation and loss of consortium. His recommendation that summary judgment be granted as to the remaining claims rested largely on Eleventh Amendment immunity grounds. In addition, the Magistrate Judge recommended that summary judgment be granted as to the contract based claims to the extent those claims are asserted against Defendant Davis who was not a party to the contracts at issue.

**OBJECTIONS**

Defendants object to the Report to the extent it recommends that summary judgment be denied. Plaintiffs object to the extent the Report recommends that summary judgment be granted.

**DISCUSSION**

**A.    Defamation and Loss of Consortium**

The court adopts, in full, the Report and Recommendation as it relates to the defamation and loss of consortium claims. Summary judgment is, therefore, denied as to these claims which are asserted solely against Defendant Davis.

**B.    Breach of Contract Based Claims Asserted against Davis**

The court adopts the Report and Recommendation to the extent it recommends that summary judgment be granted to Davis on both contract based claims on the grounds that he was not a party to the underlying contract. This eliminates the claim for breach of contact accompanied by a fraudulent act because Davis is the only defendant named under this claim.

**C.    Claim for Violation of the South Carolina Wage Payment Act and Breach of Contract Claim to the Extent Asserted against USC**

The Magistrate Judge recommended dismissal of the claims for breach of contract and violation of the South Carolina Wage Payment Act based predominantly on Defendants' assertion of Eleventh Amendment immunity.[1] While Plaintiffs concede that the Eleventh Amendment would bar their claims against Defendant USC if timely raised, they argue that Defendants waived any right to assert Eleventh Amendment immunity by failing to raise this defense prior to the expiration of the statute of limitations. Plaintiffs also argue that Defendant Davis is not entitled to Eleventh Amendment immunity in any event.

_____

[1] Both claims are asserted against both Defendants, however, for the reasons set forth in the preceding section, the contract claim may be pursued only against Defendant USC.

3

The waiver argument presents a close question which has not been addressed by the Fourth Circuit Court of Appeals since the United States Supreme Court's decision in *Lapides v. Board of Regents of the University System of Georgia,* 535 U.S. 613 (2002). In *Lapides,* the Court found that a state waived its Eleventh Amendment immunity by joining in removal of an action to federal court. The court rested its decision, in part, on notions of consistency and fairness.

> It would seem *anomalous or inconsistent* for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand. And a Constitution that permitted States to follow their litigation interests by freely asserting both claims in the same case could generate *seriously unfair results*. Thus, it is not surprising that more than a century ago this Court indicated that a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity.

*Id.* at 618. *See also id.* at 620 (noting that "an interpretation of the Eleventh Amendment that finds waiver in the litigation context rests upon the Amendment's presumed recognition of the judicial need to avoid *inconsistency, anomaly, and unfairness*, and not upon a State's actual preference or desire, which might, after all, favor selective use of 'immunity' to achieve litigation advantages"); *id.* at 621 ("To adopt the State's Eleventh Amendment position would permit States to achieve *unfair tactical advantages*, if not in this case, in others."). Nonetheless, the Court expressly limited its decision to cases in which the state invoked the court's jurisdiction. *See id.* at 621 -24.

In a subsequent decision, the Sixth Circuit relied, in part, on *Lapides* in finding that a state waived its Eleventh Amendment immunity when it failed to raise the defense until after receiving an adverse ruling on the merits. *See Ku v. Tennessee,* 322 F.3d 431, 435 (6th Cir. 2003) (stating that the state's post-ruling invocation of Eleventh Amendment immunity "created the same kind of 'inconsistency and unfairness' the Supreme Court was concerned with in *Lapides*"). Notably, the state had "invited the district court to enter judgment on the merits." *Id.* Other courts have focused

4

on the "fairness" rationale of *Lapides*, albeit without finding waiver under the circumstances there presented. *E.g. Skelton v. Henry,* 390 F.3d 614, 618 (8th Cir. 2004); *New Hampshire v. Ransey,* 366 F.3d 1, 16-17 (1st Cir. 2004).[2]

In light of the above cases, it appears that *Lapides* might be extended to other circumstances involving strategic invocation of Eleventh Amendment immunity, including the failure to raise the defense until expiration of the statutory limitations period. Whether the Fourth Circuit would follow such a line of reasoning cannot be predicted at this time.

Given that the matter will proceed to trial on other claims, the overlapping nature of the various claims, and the closeness of the question of waiver, the undersigned concludes that the better course is to deny the motion for summary judgment to the extent it is based on the Eleventh Amendment. The immunity issue may, however, be raised again by post-trial motion in the event Plaintiff Charlotte Thompson prevails on the contract and wage act claims. The court also rejects Defendants' other asserted grounds for summary judgment as to these claims.

**D.    Trial Schedule**

The pretrial schedule shall be as follows:

1.    Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **September 29, 2006.** *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov).

---

[2] Defendants cite to one case in which the Fourth Circuit has, since *Lapides,* repeated the statement that the Eleventh Amendment may be raised as a defense at any time. *See Constantine v. Rectors and Visitors of George Mason University,* 411 F.3d 474 (4th Cir. 2005) (recognizing, nonetheless, that the defense could be waived including by a voluntary appearance in federal court). Nothing else in that decision provides guidance here. The other recent Fourth Circuit decision cited by Defendants was, in fact, decided shortly before *Lapides* (decided May 13, 2002). *See Kitchen v. Upshaw*, 286 F.3d 179, 183 (4th Cir. [April 9,] 2002). Beyond repeating that "the defense may be raised at any time," *Kitchen* has no application to the present decision.

2.  No later than **October 3, 2006**,  the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).  *See* Local Civil Rule 30.03(J) (video deposition additional requirements).

3.  Motions in limine must be filed at least three weeks prior to jury selection.

4.  Parties shall furnish the court pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05).[3]  Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits.  *See* Local Civil Rule 26.07.

5.  This case shall be called for trial during the November term of court, with jury selection set for **November 2, 2006.**  Trial is tentatively scheduled for **November 6, 2006.**

No later than **September 15, 2006**, the parties shall advise the court as to the anticipated length of trial.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted in part and Defendants' motion for summary judgment is granted to the extent it seeks judgment in favor of Defendant Davis on the two contract based claims.  This matter shall proceed to trial as to the remaining claims under the schedule set forth above.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 5, 2006

C:\temp\notesB0AA3C\~8527597.wpd

---

[3] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

6